# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>DAVID ALLEN GARRETSON,<br><br>Defendant(s). | 2:13-CR-29 JCM (GWF) |

## ORDER

Presently before the court is defendant David Allen Garretson's motion for de novo review and appeal of denial of motion to re-open detention hearing. (Doc. # 42). The government filed an opposition. (Doc. # 43).[1] Defendant filed a reply (doc. # 46), to which the government filed a sur-reply (doc. # 47).

**I.    Background**

On January 22, 2013, defendant was charged in a six count indictment with conspiracy to manufacture a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(vii), the manufacture of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii), maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1), possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)©, and being a prohibited person in possession of a firearm in violation of 18 U.S.C. §§ 924(a)(2) and

---

[1] The government submitted exhibits in support of its opposition.

**James C. Mahan**
**U.S. District Judge**

922(g)(3) and (g)(8). (Doc. # 1). The indictment alleges that defendant had a marijuana grow of approximately 135 plaints. (*See id.*).

Prior to the detention hearing, pretrial services prepared a pretrial investigation report. The report found that defendant posed a danger to the community based on the nature of the alleged offenses, the known use of a controlled substance, a criminal arrest history including drug-related convictions and arrests for crimes of violence, two protective orders which state that defendant is likely to avoid service and has access to weapons, more specifically guns and knives in his home and car, and arresting agents' statements that defendant was in possession of multiple weapons, drugs, a gas mask, and body armor at the time of his arrest. Further, the report found that defendant posed a risk of nonappearance because of a lack of stable employment, a lack of financial or property ties to this or any other community, and a criminal arrest record reflects two active orders for protection.[2]

Defendant made an initial appearance on January 25, 2013, and Magistrate Judge Ferenbach ordered defendant detained pending trial. (Doc. # 7). The magistrate judge stated that "[g]iven the presumption, the court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons or the community." (Doc. # 17, 2).

On February 11, 2013, defendant filed a motion to re-open detention hearing. (Doc. # 21). Magistrate Judge Foley[3] denied defendant's motion on the basis that "[d]efendant ha[d] not presented information that was not known or reasonably available to him or his counsel at the time of the detention hearing . . . ." (Doc. # 41, 10:21-22).[4]

On March 25, 2013, defendant filed the instant appeal seeking de novo review and appeal of denial of motion to re-open detention hearing. (Doc. # 42).

. . .

---

[2] The court has reviewed the pretrial investigation report.

[3] Magistrate Judge Ferenbach recused himself following the initial appearance. (Doc. # 8).

[4] The Bail Reform Act, 18 U.S.C. § 3142(f)(2), provides that the detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was no known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

James C. Mahan
U.S. District Judge

- 2 -

## II. Legal Standard

Title 18 U.S.C. § 3145(b) provides that "[i]f a person is ordered detained by a magistrate . . . the [detained] person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The standard of review is de novo. *See, e.g., United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990); *United States v. Leon*, 766 F.2d 77, 80 (2d. Cir. 1985) ("In our view a district court should fully consider a magistrate's denial of bail and in ruling on a motion for revocation or amendment of a detention order should not simply defer to the judgment of the magistrate, but reach its own independent conclusion.").

Title 18 U.S.C. § 3142(b) provides that before the court may detain a defendant, the court must first determine that a release via a recognizance bond "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person in the community." Section 3142©) provides a list of conditions that may be used in combination to reasonably assure the appearance of the defendant. The court must consider the conditions before resorting to detention prior to trial.

However, for some criminal defendants a presumption in favor of detention attaches due to the crimes for which the defendant was charged. Section 3142(e)(3) provides in relevant part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed–
>
> (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or chapter 705 of title 46 . . .

## III. Discussion

After conducting a de novo review and making an independent determination, the court finds that defendant should be detained prior to trial because defendant is a danger to the community. The court notes that defendant has been charged with four violations of the Controlled Substances Act,

James C. Mahan
U.S. District Judge

- 3 -

1  *see* 21 U.S.C. § 801 *et seq.*, for which defendant faces a maximum sentence in excess of ten years.
2  Defendant's pretrial release is governed by § 3142(e)(3). The presumption is in favor of detention.
3  Defendant cannot overcome this burden.

4  First, defendant's marijuana use and marijuana grow is of concern. During the search,
5  marijuana grow consisting of approximately 135 plants, marijuana, drug paraphernalia, marijuana
6  pipes, and marijuana edibles were found throughout the residence, the garage/guest house, and on
7  the back patio. These items were in plain view and accessible to defendant's ten-year-old son who
8  spends the weekends with his father. Defendant argues that he believed his drug related behavior was
9  within the confines of state law. However, regardless of whether defendant's drug use and grow was
10  legal under state law–this drug use and grow was *illegal* under federal law. As a federal court
11  enforcing federal criminal law, the court does not find defendant's belief as to the legality of his
12  actions under state law relevant.

13  Second, defendant's possession of more than 20 firearms is relevant to the court's
14  consideration. The court acknowledges that defendant was honorably discharged from the military
15  and related his affinity for guns. Further, the court appreciates a citizen's right to bear arms under
16  the Second Amendment. However, this right is not unconditioned. Defendant was restricted from
17  possessing firearms based on his drug use and a protective order that warned that "possession of a
18  firearm or ammunition while this order is in effect may constitute a felony under federal law . . . ."
19  (Doc. # 21, Ex. H). No matter how safely these guns were stored, defendant's possession of firearms
20  was restricted.

21  Third, the temporary protective orders demonstrate that defendant poses a threat to others.
22  Defendant argues that these protective orders are the result of exaggerations and lies by defendant's
23  previous wife and girlfriend. Defendant argues that these protective orders were granted because he
24  did not contest their issuance. However, Clark County family court made its own estimation that
25  defendant posed a serious enough threat to these women that protective orders were warranted to
26  ensure their safety.

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    Fourth, defendant's behavior with a previous customer of defendant's contracting business is relevant to the court's consideration. Previously, defendant had performed contract work for a customer and there was a dispute over defendant's fees. In response, defendant sent emails to the customer threatening actions defendant would take if the customer did not revolve this issue with him. Soon after these emails were sent, the Federal Bureau of Investigation ("FBI") became involved. Defendant represents that the FBI intervened only to placate the customer who had reached out to the FBI. Defendant also represents that following the FBI's intervention, defendant did not contact the customer. Regardless of defendant's compliance following government involvement, the court finds that these emails color defendant's conduct as unstable and threatening.

Last, defendant's social media postings demonstrate that defendant poses a threat to others. Following execution of the search warrant, defendant posted comments suggesting his anti-law enforcement disposition. Defendant's postings include anti-law enforcement comments and photos of weapons. Even prior to the search, defendant's social media postings coupled with his history caused law enforcement sufficient concern to employ SWAT to execute the search warrant.

The court finds that defendant poses a danger to the community because of: (1) his marijuana use and grow; (2) his firearm possession provided restrictions placed on such possession; (3) the two protective orders against defendant; (4) his threatening emails to a previous customer; and (5) his anti-law enforcement social media postings. While any one of these considerations in light of the presumption *may* have been enough to find defendant's detention warranted; *all* of these considerations in light of the presumption convince the court that detention is appropriate.

**IV.  Conclusion**

The court, upon a de novo review, finds that the facts and circumstances warrant the detention of defendant. Defendant has failed to overcome the presumption that he should be detained because of the nature of the crimes charged.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant David Allen Garretson's motion for de novo review and appeal of denial of motion to re-open detention hearing (doc. # 42) be, and the same hereby, is DENIED.

DATED April 5, 2013.

_____
UNITED STATES DISTRICT JUDGE